UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alberto Diaz,<br><br>                              Plaintiff,<br><br>         -v-<br><br>The Long Island Railroad Company,<br><br>                              Defendant. | 2:21-cv-03780<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Before the Court is Plaintiff's Motion in Limine to exclude evidence in advance of trial. Pl's Mot. Lim., ECF Nos. 32–32-6. Plaintiff moves to exclude three Long Island Railroad (LIRR) Safety rules.[1] The Court heard oral argument from the parties and reviewed the following: (1) the Joint Pretrial Order, ECF No. 29; (2) Plaintiff's Motion and supporting exhibits, ECF Nos. 32–32-6; and (3) Defendant's opposition submissions, Def's Opp'n, ECF No. 37; Def's Ltr Providing Beck Deposition Transcript, ECF. No. 38. For the following reasons, the Court grants Plaintiff's Motion to exclude the introduction of LIRR Safety Rule 1400.3.

Plaintiff moves to exclude LIRR Safety Rules 1400.3, 1400.4, and 1400.1.1 for lack of relevance to Plaintiff's claim. In its opposition, Defendant withdraws the proposed introduction

---

[1] Plaintiff also moved to exclude expert testimony by Defendant's medical expert, Dr. Eric L. Freeman on whether Plaintiff's absence from work was excessive and whether Plaintiff's second and third surgeries were necessary.  The Court granted Plaintiff's motion as to the exclusion of that testimony on the record at the December 18, 2023 pretrial conference. As the Court addressed on the record, Defendant failed to timely disclose these opinions, revealing them for the first time during the November 13, 2023 pretrial conference—almost a year and a half after the May 16, 2022 expert discovery deadline—thereby prejudicing Plaintiff by precluding him from deposing Dr. Freeman on these topics. *See* Electronic Order, Dec. 13, 2023.

of Rules 1400.4 and 1400.1.1. Def's Opp'n ¶ 10. Those Rules will therefore not be admitted at trial pursuant to the stipulation of the parties. The Court will only consider the admissibility of Rule 1400.3, the LIRR "Working Near Equipment" rule.

Under the Federal Rules of Evidence, admissible evidence must be relevant. Evidence is relevant if it "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. The Court may exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Plaintiff argues that Rule 1400.3 should be excluded because it is not relevant. Pl's Mem. Law at 1, ECF No. 32-6. Rule 1400.3 directs LIRR employees not to "walk, stand, or work under a suspended load." Pl's Mot. Ex. A at 2. Plaintiff argues this Rule is not relevant to the facts of this case because, according to deposition testimony, the track panel that injured Plaintiff was set down onto the track bed before it slid onto his foot, causing the injuries at issue. Vogt Decl. at 2, ECF No. 32-1. In other words, the track panel was not a "suspended load," nor was Plaintiff working "under" it such that Rule 1400.3 applies. Additionally, Plaintiff argues that John Tustin, LIRR Track Supervisor, noted on an Initial Employee Accident/Incident Report that Plaintiff had not violated any LIRR rules during the workplace accident that caused his injury.

Defendant argues that Rule 1400.3 applies because the deposition testimony of LIRR engineer of work equipment John Beck shows that the west end of the track panel was hoisted three feet off the ground such that the track panel was a "suspended load" within the meaning of the Rule. Def's Opp'n ¶¶ 7–8; Def's Ltr Providing Beck Deposition Transcript, Beck Depo. Tr.

2

43:13–16, ECF. No. 38-1. Defendant further argues that Plaintiff's violation of the rule is evidence of his negligence. Def's Opp'n ¶ 6.

Defendant's reliance on Mr. Beck's deposition testimony is unpersuasive. As an initial matter, Defendant points to a portion of Mr. Beck's deposition testimony that describes the <u>west end of the track panel</u>, but Plaintiff was located at the <u>east end of the track panel</u>, which was anywhere from 40 to 50 feet away, according to Mr. Beck. Beck Depo Tr. at 20:24–21:3, 11:15–17. Defendant offers no testimony supporting the allegation that the east end of the track panel—the end where Plaintiff actually stood—was suspended, nor testimony supporting the allegation that Plaintiff was walking, standing, or working "under" the track panel while it was suspended.

In fact, the deposition testimony upon which Defendant relies supports the finding that Mr. Beck operated a payloader machine to set the east end of the track panel down on the ground <u>before</u> Plaintiff approached it. For example, Mr. Beck testified that he completed putting the track panel down on the ground using a payloader, Beck Depo Tr. at 15:4–8, had the "jib down for a couple of minutes," *id.* at 22:7–10, and picked the track panel back up after Plaintiff was injured, *id.* at 21:25. Based on the text of Rule 1400.3 and a close review of Mr. Beck's deposition testimony, the Court finds that Rule 1400.3 is irrelevant because the east end of the track panel was not suspended when it slid onto Plaintiff's foot and Plaintiff was not "under" the track panel. *See Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, No. 11CV6201 DLC, 2015 WL 685153 (S.D.N.Y. Feb. 18, 2015) (Cote, J.) (granting plaintiff's motion to exclude as irrelevant emails, internal memoranda, and certain designated deposition testimony that did not address the live issues at trial and whose probative value was easily outweighed by delay and waste of time).

Even if Rule 1400.3 were relevant to Plaintiff's claim under the Federal Rules of Evidence, it would be inadmissible under Rule 403 because whatever probative value it had would be substantially outweighed by a danger of misleading and confusing the jury as a result of hearing a rule governing worker conduct "under" suspended loads when the track panel that injured Plaintiff was already on the track bed—and therefore not suspended—before it slid onto his foot, causing the injuries at issue in this case.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion to exclude the introduction of LIRR Safety Rule 1400.3.

Dated: Central Islip, New York
December 19, 2023                                  _____/s Nusrat J. Choudhury_____
                                                   NUSRAT J. CHOUDHURY
                                                   United States District Judge